ORDERED.

**Dated:  June 16, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                       )

                          )

William Owen Dupree and    )    Case No. 6:19-bk-07126-KSJ
Melissa Dupree,            )    Chapter 7

                          )

        Debtors.         )

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTION OF CHILD CARE TAX CREDIT

The only issue is whether a $471 child tax credit is exempt from creditors' claims in this Chapter 7 bankruptcy case.[1]  The Chapter 7 Trustee, Lori Patton, contends the portion of the Debtors' 2019 tax refund attributable to the child tax credit is property of the estate that she can use to pay creditors' claims.[2]  Debtors argue the child tax credit is exempt,[3] based largely on *dicta* in one of my prior decisions, *In re Kokin*.[4]  Upon further reflection, I recede from that prior ruling and conclude the child tax credit is not exempt under Florida law.

Shortly after the *Kokin* opinion issued, the Debtors amended their Schedule C to claim a portion of their 2019 federal tax refund, the $471 child tax credit (the "Child Tax Credit"), as exempt

---

[1] Doc. No. 1.  The case was filed on October 30, 2019.

[2] Doc. No. 15.

[3] Doc. No. 16.  Both parties submitted legal memoranda in support of their positions.  Doc. Nos. 20 and 21.

[4] Order Partially Granting Trustee's Motion for Turnover of Property of the Estate, *In re Abraham and Heather Kokin*, Case No. 6:19-bk-2413-KSJ, Doc. No. 33 (Bankr. M.D. Fla. January 17, 2020).

under § 222.25(3) of the Florida Statutes.[5]   Section 222.25(3) of the Florida Statutes provides that "[a] debtor's interest in…a credit received…**pursuant to § 32 of the Internal Revenue Code**" is exempt from creditors' claims.[6]  Arguing the Child Tax Credit does not arise under § 32 of the Internal Revenue Code, the Trustee timely objected to the exemption asserting it is not exempt under §222.25(3) of the Florida Statutes or any other statute.[7]  Debtors disagree.[8]

The primary issue is whether the Child Tax Credit arises under § 32 of the Internal Revenue Code.  Section 32 is titled "Earned Income Credit."  It is a complicated section that, among other items, establishes eligibility to receive an earned income credit.  Section 32 does not mention the child tax credit.

Rather, § 24 of the Internal Revenue Code, titled "Child Tax Credit," establishes who may receive a federal child tax credit.  Similar to § 32, this tax statute is a complicated.  But, the only connection between the two sections is that § 24(d)(1)(B) uses the definition for "earned income" contained in § 32(c)(2) for calculating how much of the child tax credit is refundable.  That's it.

Other than that definitional similarity of the term "earned income," § 32 only addresses the federal earned income credit—that is expressly exempt under Florida Statute § 222.25(3)—and § 24 only addresses the child tax credit—that is **not** exempt under any Florida statute.  Each section addresses different federal credits; earned income credits are exempt, child tax credits are not.  This conclusion is supported by *In re Gardiner*, Bankruptcy Judge Colton's opinion stating that §222.25(3) of the Florida Statute only exempts the earned income credit allowed by § 32 of the Internal Revenue

---

[5] Doc. No. 13, filed on February 7, 2020. Debtors must claim exemptions either pursuant to the federal exemptions provided for in Section 522(d), or by state law exemptions if a state "opts out" of the federal exemption scheme. See 11 U.S.C. § 522(b).  Florida has opted out of the federal bankruptcy exemption scheme, and a debtor filing for bankruptcy protection in Florida therefore must claim the exemptions provided by Florida's state law. Fla. Stat. § 222.20. *See also In re Potter*, 320 B.R. 753, 756 (Bankr. M.D. Fla. 2005) ("The state of Florida has opted out of the federal exemptions scheme and requires its residents to claim only those exemptions available under Florida law." (citing Fla. Stat. § 222.20; *In re Sutton*, 272 B.R. 802, 806 (Bankr.M.D.Fla.2002))).
**[6]** 26 U.S.C. § 32 (emphasis added).
[7] Doc. No. 15.
[8] Doc. No. 16.

Code, not any other federal tax credit.[9] And other Bankruptcy Court Judges in this District agree the child tax credit is property of the bankruptcy estate subject to administration by the trustee.[10]

Debtors argue that, because the *refundable* portion of the Child Tax Credit is affected by the definition of "earned income" contained in § 32 of the Internal Revenue Code, the credit is magically transformed into a credit "received" under § 32.  The Court cannot make this leap in logic.  Florida Statute § 222.25(3) only exempts federal tax credits received under § 32 of the Internal Revenue Code, which only applies to earned income credits.  It does not allow for the extension to include the Child Tax Credit granted under § 24 of the Internal Revenue Code.[11]

The Court acknowledges this holding is contrary to the recent ruling in *Kokin* relying on my earlier holding in *In re Gilland*.[12]  I just got it wrong.  And, as the famous Coach Paul "Bear" Bryant said, "When you make a mistake, there are only three things you should ever do about it:  admit it, learn from it, and don't repeat it."

Accordingly, it is

**ORDERED:**

1.      Trustee's Objection to Property Claimed as Exempt (Doc. No. 15) is SUSTAINED.

2.      The Child Tax Credit of $471 which was a portion of the Debtors' 2019 tax refund is property of the estate subject to administration by the Chapter 7 Trustee.

###

Trustee Lori Patton is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.

---

[9] *In re Gardiner,* Case No. 8:15-bk-11892-RAC, Doc. No. 55 (Bankr. M.D. Fla. Nov. 10, 2016).

[10] *In re Baker*, Case No. 9:14-bk-13900-FMD, 2015 WL 4549212 (Bankr. M.D. Fla. July 28, 2015)(Delano, J.)(child tax credit of tax refund is property of the estate); *In re Matthews*, 380 B.R. 602 (Bankr. M.D. Fla. 2007)(Glenn, J.) (child tax credit of tax refund is property of the estate subject to turnover).

[11] Debtor's argument that the Child Tax Credit is held in constructive trust also is rejected. *See In re Parisi*, Case No. 10-70021-478, 2010 WL 1849386 at *2 (Bankr. E.D. N.Y. May 6, 2010) ("The Debtor's arguments that the child tax credit constitutes a trust fund with the Debtor's child as the beneficiary is not supported by legislative history… If Congress intended the child tax credit to be held in trust for the benefit of the child and exempt from the parent's creditors, it could have enacted bankruptcy legislation to this effect.")

[12] *In re Gilland*, Case No. 6:18-bk-00939-KSJ, Doc. No. 21 (Bankr. M.D. Fla. Aug. 9, 2018).